IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER AREVALO, et al., | Case No.: 13-cv-4645 JSC |
| Plaintiffs, | **ORDER RE: DEFENDANT'S CITIZENSHIP** |
| v. | |
| JETRO HOLDINGS, LLC, | |
| Defendant. | |

Defendant Jetro Holdings, LLC removed this action from Alameda County Superior Court on October 7, 2013, asserting that this Court has jurisdiction over Plaintiffs' state-law employment claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs have moved to remand the action, contending that their purported class action does not seek the $75,000 or more that is required for federal diversity jurisdiction. (Dkt. No. 8.) The parties appear to agree that there is complete diversity of citizenship between them.

The Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented…Subject-matter jurisdiction can never be waived or forfeited.")

(internal citation omitted). Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Further, the party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)

Here, the parties appear to agree that Plaintiffs are California citizens and that Defendant Jetro Holdings is a limited liability company ("LLC") organized and existing under the laws of the State of Delaware with its principal place of business in New York. (Dkt. No. 4 ¶¶ 4-6.) Generally, LLCs are "citizen[s] of every state in which [their] owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, citizenship here is dependent on the citizenship of Jetro Holdings' owners/members. However, Plaintiffs' Complaint and Defendant's Notice of Removal fail to include any allegations or information as to the citizenship of the LLC's owners or members. Indeed, nothing in the record reflects even who the owners/members are or how many there may be.

Accordingly, Defendant shall include in their opposition to Plaintiffs' motion evidence sufficient to show the citizenship of all members or owners of the LLC. Plaintiffs may respond in their reply brief.

**IT IS SO ORDERED.**

Dated: October 29, 2013

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE